JOEL RAYMOND *vs.* DAVID NYE & another.

A plaintiff, who calls for the defendant's books at the trial, and upon their being produced claims the benefit of entries made therein to his credit, thereby makes the books *primâ facie* evidence only, and may therefore contest and disprove the charges therein made against him by the defendant.

It is to be presumed that jurors understand the instructions of the court in matters of law; and where proper instructions are given to them, a new trial will not be granted on the suggestion that they did not rightly understand the instructions

THE chief justice, before whom this cause was tried, made the following report thereof :

In this case, which was assumpsit, and in which there were mutual accounts, an auditor had been appointed, who had reported a balance due to the defendants. In order to show that the report of the auditor was not right, the counsel for the plaintiff called for the books of the defendants containing their account with the plaintiff; and on their being produced, he claimed the benefit of an entry therein, to his credit, of a large amount of iron as received of him by the defendants, and relied upon it as tending to show that the report of the auditor should have given him the benefit of it, and that the jury ought so to do. The counsel for the defendants contended that the account of the defendants ought to be taken all together, and that credit ought not to be collected from the books to charge them, without admitting the debit therein also charged. But the jury were instructed, that the plaintiff, by calling for the defendants' books and claiming the benefit of said credit, had made the books *primâ facie* evidence only, and that it was open to him to contend, upon the whole evidence, that the items on the debit side of said account were not proved, or were not proper subjects of

charge in the account, and to show that he ought not to be con-cluded thereby.

There was evidence tending to show that the plaintiff's ac-count was for blacksmith's work done principally for a ship which the defendants were building ; that there was no special agreement respecting the work ; that the plaintiff relied on a *quantum meruit ;* also that some of the claims and charges of the defendants, as contained in their books, were for money paid to other persons for doing part of the smith's work for said ship. In reference to this evidence, the jury were further in-structed, that if there was no contract by the plaintiff with the defendants to do the whole of the smith's work for said ship, or any specific part thereof, or to do it within any limited time, the defendants could not sustain their claim for damages, either for money paid to other persons for doing part of the work, or for delay and detention in the work which the plaintiff did ; al-though such items of damage were charged in the defendants' books, on which the plaintiff claimed credits.

The jury returned a verdict for the plaintiff.

New trial to be granted, if said instruction was not right ; otherwise, judgment to be rendered on the verdict.

*Eddy & S. Miller,* for the defendants, contended that where one party claims an item of credit entered in the other's books, he cannot reject the items of debit; but if he calls for the books, he must take them as they are, with the balance as it is therein stated. 1 Saund. Pl. & Ev. 46. *Randle* v. *Black-burn,* 5 Taunt. 245. *Waggoner* v. *Gray,* 2 Hen. & Munf. 603. *Harrington* v. *Hall,* 2 Aik. 175. *King* v. *Maddux,* 7 Har. & J. 467. They also insisted that the instructions given by the judge were misunderstood by the jury, and were so ex-pressed as to lead the jury to misapprehend them.

*Hallett,* for the plaintiff. The cases cited by the defendants only decide that where parties have *settled* an account, neither of them can deny the balance, unless a mistake is shown ; or that in an open account, all the entries, both of debt and credit, in one party's books, must *go to the jury,* when the other party relies on an entry therein to his credit. In the latter case, the

jury are not bound to allow both debt and credit, as found on the books, unless they find the entries were correctly made.    1 U. S. Digest, Accounts, 199.

The court would not receive the jurors' affidavits that they misapprehended the instructions of the judge.  *Tyler* v. *Stevens*, 4 N. Hamp. 116.   *A fortiori*, the court will not presume that the instructions were not understood by the jury.

DEWEY, J.   We understand the instructions to the jury to have been, that the account books of the defendants, though introduced as evidence in the case by the plaintiff, were to be considered *primâ facie* evidence only, of all charges therein appearing to have been made against the plaintiff, and that it was open to him to control this evidence by other testimony ; and if upon the whole evidence the jury were satisfied that the charges on the books were not properly made, and did not constitute a valid demand against the plaintiff, they might be rejected.

This we think was the correct rule, and has given to the evidence resulting from the books all the effect it was entitled to.   Treating the evidence as admissions by the plaintiff, it was open to explanation, and liable to be controlled by other evidence.   Considering it in the nature of an account stated by the parties, it would still be competent for either party to show errors or mistakes.   Taking it in any proper view, it could only be *primâ facie* evidence, and not such as should estop the other party from explaining and controlling it.

The same rule applies, and the same answer is to be given, to the objection to the ruling of the court upon the conclusiveness of the charges against the plaintiff, upon the books of the defendants, for money paid to other persons for part of the work upon the ship which the defendants were building, and upon which the plaintiff had labored.   It was competent for the plaintiff to show that these charges were wholly unauthorized and illegal, although made upon the books which he introduced.

The counsel for the defendants suggested a strong belief that the jury misunderstood the charge of the presiding judge, and were misled through their misapprehension of it.   The only

possible ground for supposing the instructions liable to misap-
prehension arises from the use of these words : " It was open
to the defendant to contend, upon the whole evidence, that the
items on the debit side of the account were not proved, or were
not proper subjects of charge." It is said that the jury might
have understood that this ruling required the defendants to prove
the correctness of the charges on their books against the plain-
tiff, and not that the burden was shifted upon the plaintiff to
disprove them, after he had made a *primâ facie* case against
himself, as to those charges, by introducing the books as evi-
dence. But it is to be borne in mind that this ruling was pre-
ceded by the declaration that the plaintiff, by calling for the
books and introducing them, had made them *primâ facie* evi-
dence, though not conclusive. The position assumed by the
defendants at the trial before the jury was, that the charges
against the plaintiff, contained in the books, must be allowed by
the jury ; and the only point in dispute seems to have been,
whether greater weight should be attached to this evidence than
to consider it *primâ facie* evidence. If treated as evidence of
this character, it still would avail the defendant, and required
no further evidence from him, until it was disproved by the
plaintiff.

Objections of this nature are to be received with great cau-
tion. The theory of trial by jury presupposes that those who
are called to act as jurors will possess sufficient intelligence to
understand, so far as is necessary for the proper performance
of their duty, the exposition of the rules of law as given by the
court : And if the proper legal instructions are given, express-
ed in appropriate language, it must be assumed that the jury
were legally instructed and that they understood those instruc-
tions. Hence all attempts to introduce the testimony of jurors,
after the verdict has been returned and recorded, to show that
they misunderstood the charge of the judge, have, I believe,
been unsuccessful, and have received no sanction from the
court. The appropriate remedy, when the counsel seriously
apprehend that the charge may be misunderstood, or is not suffi-
ciently direct and explicit in matter of law, is to suggest the

same before the case is committed to the jury.   *Lathrop* v. *Inhabitants of Sharon*, 12 Pick. 172.   A further remedy for cases where it is obvious to the presiding judge, from the verdict returned, that the jury must have misunderstood or misapplied the rules of law as stated from the bench, may also be found in an application to the court for a new trial on the ground that the verdict is against the evidence, under the instructions given to the jury.

We do not perceive, in the present case, any sufficient rea son for granting a new trial.

*Judgment on the verdict.*